FILED'08 MAY 27 1450USDC-ORM

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

ERNEST BECHLER, PATRICIA
BECHLER, and MIKE BECHLER,

        Plaintiffs,

        vs.

TODD E. MACALUSO, MACALUSO &
ASSOCIATES, APC, a foreign California
Professional Corporation, also doing
business as MACALUSO BAKER &
MACALUSO, a California fictitious
business name,

        Defendants.

Case No. 08 - 3059 - CL

**COMPLAINT**

**(Claim for Declaratory Relief; Claim for
Fraud; Claim for Negligent
Misrepresentations; Claim for
Violations of Oregon Unlawful Trade
Practices Act, ORS 646.605, et seq.;
Claim for Legal Malpractice; and Claim
for Accounting)**

***Demand for Jury Trial***

Plaintiffs allege:

### PARTIES, JURISDICTION AND VENUE

1.

    Plaintiffs are residents of Jackson County, Oregon and were at all times material to this action.

2.

    At all times material to this action, Defendant Todd E. Macaluso was an attorney licensed to practice in the State of California and maintained a law offices in San Diego, California. At all times material to this action, Defendant Macaluso & Associates, APC, was a California professional corporation in which Defendant Todd E. Macalsuo had an ownership interest,

**COMPLAINT - 1**

#̵ 1311

1    worked as an attorney, and served as registered agent. At all times material to this action,

2    Defendant Macaluso & Associates, APC, was the owner of Macaluso Baker & Macaluso, a

3    fictitious business name used by the Defendant Macaluso & Associates, APC for the operation

4    of a law firm in San Diego, California. At all times material to this action, Defendant Macaluso

5    & Associates, APC, was not licensed to conduct business in the State of Oregon. At all times

6    material to this action, Macaluso Baker & Macaluso was not a registered assumed business

7    name with the Oregon Secretary of State. At all times material to this action, neither the

8    Defendant Todd E. Macaluso nor any of the attorneys in his law firm, Defendant Macaluso &

9    Associates, APC, doing business as Macaluso Baker & Macaluso, were licensed to practice law

10    in the State of Oregon. The Defendant Todd E. Macaluso is hereinafter referred to as the

11    "Defendant Macaluso." The Defendant Macaluso & Associates, APC is hereinafter referred to

12    as the "Defendant Macaluso Baker & Macaluso."

3.

14      This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §1332,

15    as this is a civil action where the matter in controversy exceeds the sum or value of $75,000,

16    exclusive of interest and costs, and this action is between citizens of different States.

4.

18      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(a), as a substantial part of the

19    events or omissions giving rise to the claims in this action occurred in the States of Oregon.

20    Venue is further proper in this Court since the Defendants solicited the Plaintiffs Ernest Bechler

21    and Patricia Bechler in the State of Oregon to become clients of the Defendants; Plaintiffs

22    Ernest Bechler and Patricia Bechler executed a certain Contingency Fee Agreement hereinafter

23    alleged with the Defendant Macaluso & Associates, APC, doing business as Macaluso Baker &

24    Macaluso, and the Plaintiffs Ernest Bechler and Patricia Bechler, in Medford, Jackson County,

25    Oregon; and the Defendants also rendered legal services under this contingency fee agreement

26    which underlie the Plaintiffs Ernest Bechler and Patricia Bechler's claims in this action in the

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-3625
FAX (541) 779-3306

1  State of Oregon, in Jackson County.  Venue is proper in this Court since additional legal

2  services were also rendered by the Defendants for the Plaintiff Mike Bechler in the State of

3  Oregon, in Jackson County, which legal services also gave rise to claims alleged by Plaintiff

4  Mike Bechler against the Defendants in this action.  Plaintiffs further allege that venue is proper

5  in this Court as the alleged acts and conduct giving rise to Plaintiffs' claims in this action either

6  occurred in the State of Oregon or caused harm and injury to the Plaintiffs, while they were

7  residents of the State of Oregon.  Plaintiffs further allege that venue is proper in this Court as

8  the Defendants further material breached their contractual agreements with the Plaintiffs in the

9  State of Oregon and further violated certain statutes of the State of Oregon giving rise to

10  Plaintiffs' claims in this action.

11  ## GENERAL ALLEGATIONS

12  ### 5.

13  Plaintiffs Ernest Bechler and Patricia Bechler were the parents of Steven Scott Bechler

14  (hereinafter "Steve Bechler").  Plaintiff Mike Bechler was the older brother of Steve Bechler

15  and the only surviving sibling of Steve Bechler.

16  ### 6.

17  Steve Bechler was a baseball pitcher with exceptional talent, who was born and raised in

18  Medford, Oregon, and starred in the Medford, Oregon Little League, Babe Ruth, and American

19  Legion baseball programs.  Steve Bechler led the Medford American Legion baseball team to

20  the American Legion World Series in 1997, where he pitched back-to-back games on the same

21  day in the 1997 finals.  Steve Bechler also pitched for the South Medford High School baseball

22  team and obtained all-league and all-state honors.  As a result of his prowess as a baseball

23  pitcher, Steve Bechler was drafted in the third round of the 1998 Major League Baseball draft

24  by the Baltimore Orioles.  Steve Bechler rapidly progressed through the Baltimore Orioles

25  minor league system and at the end of the 2002 season, at the age of only 22 years of age, was

26  called up to the major league by the Baltimore Orioles and pitched for the team.  Prospects were

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5825
FAX (541) 779-3306

**COMPLAINT - 3**

1    extremely good that Steve Bechler would make the Baltimore Orioles major league team

2    coming out of spring training in 2003 and would pitch for the major league club during the

3    2003 season.

4                                        7.

5         On February 14, 2003, Steve Bechler arrived at the Baltimore Orioles' spring training

6    camp in Fort Lauderdale, Florida.  Shortly after arriving at the Baltimore Orioles' spring

7    training camp, Steve Bechler purchased an over-the-counter and without the necessity of a

8    prescription, bottle of the dietary supplement Xenadrine RFA-1 - manufactured by Phoenix

9    Laboratories, Inc. and marketed and distributed by Cytodyne Technologies, Inc.- at a store

10   owned by XYZ Corporation.  Unaware of the devastating physiological impact that Xenadrine

11   RFA-1 can have on the human body, Steve Bechler used the product based on its promises,

12   among others, "Lose Weight Fast" and "Rapid Fat Loss Catalyst," and a representation that it

13   had been "Clinically Proven."  Unbeknownst to Steve Bechler, however, ephedra is a substance

14   that has profound sympathomimetic effects on the cardiovascular and central nervous systems.

15                                          8.

16        On February 16, 2003, while at practice in spring training with the Baltimore Orioles in

17   Fort Lauderdale, Florida, Steve Bechler suddenly collapsed during his workout.  Steve Bechler

18   body temperature, heart rate, blood pressure, and respiratory rate all began to soar.  After being

19   transported to the hospital, Steve Bechler went into cardiac arrest on February 17, 2003.

20   Although once resuscitated, Steve Bechler went back into cardiac arrest and died, at the age of

21   23.

22                                        9.

23        The Broward County Medical Examiner conducted a comprehensive investigation into

24   Steve Bechler's death, including a detailed review of Steve Bechler's clinical history, the

25   circumstances preceding his death, autopsy finding, toxicology finding, final anatomic-

26   pathological diagnoses, and made a conclusive determination of the cause of manner of Steve

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5825
FAX (541) 779-3306

**COMPLAINT - 4**

1   Bechler's death.  The conclusion of the Broward County Medical Examiner was that the

2   ephedra contained in the product Xenadrine RFA-1 purchased and consumed by Steve Bechler

3   shortly prior to his collapse was a "significant factor" in causing Steve Bechler's death.

4                                              10.

5        On February 20, 2003, Defendant Todd E. Macaluso wrote to Plaintiffs Ernest Bechler

6   and Patricia Bechler in Medford, Oregon with regard to the highly publicized and recent death

7   of their son, Steve Bechler.  In this letter, Defendant Macaluso advised the Plaintiffs Ernest

8   Bechler and Patricia Bechler of a class action lawsuit that his law firm, the Defendant Macaluso

9   Baker & Macaluso, was involved in and in which lawsuit it was alleged that misrepresentations

10  had been made by Cytodyne Technologies, Inc. with regard to its product, Xenadrine RFA-1.

11  Defendant Macaluso advised the Plaintiffs Ernest Bechler and Patricia Bechler that this class

12  action was scheduled to be tried on February 28, 2003.  Defendant Macaluso stated in his letter

13  of February 20, 2003 that in this class action "[w]e seek to disgorge Cytodyne Technologies,

14  Inc. of all its ill-gotten gains from misrepresenting the product to purchasers in California and

15  through the United States."  Defendant Macaluso further advised the Plaintiffs Ernest Bechler

16  and Patricia Bechler in his letter of February 20, 2003 that his law firm also "represents several

17  individuals that were severely injured by Xenadrine" and "families of individuals that have

18  tragically died from other ephedrine based dietary supplements."  Defendant Macaluso

19  requested in his letter that the Plaintiffs Ernest and Patricia Bechler call him at his office or on

20  his cell phone and provided the Plaintiffs Ernest and Patricia Bechler with these numbers.

21  Plaintiffs allege that the letter of February 20, 2003 from the Defendant Todd E. Macaluso was

22  a solicitation to the Plaintiffs Ernest and Patricia Bechler to retain Defendant Todd E. Macaluso

23  and his law firm, the Defendant Macaluso Baker & Macaluso, to pursue a wrongful death claim

24  against Cytodyne Technologies, Inc. with regard to the death of their son, Steve Bechler.

25                                              11.

26       As a result of the receipt of the letter from the Defendant Macaluso, dated February 20,

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

**COMPLAINT - 5**

1   2003, after Steve Bechler's funeral, Plaintiffs Ernest Bechler and Patricia Bechler contacted the

2   Defendant Bechler by telephone from the Plaintiff Ernest Bechler's residence in Medford,

3   Jackson County, Oregon, during the later part of February, 2003.  During the course of this

4   telephone conference, Defendant Macaluso further solicited the Plaintiffs Ernest Bechler and

5   Patricia Bechler to pursue a wrongful death claim against the manufacturer of the Xenadrine

6   RFA-1 product, Cytodyne Technologies, Inc., and others, who Defendant Macaluso indicated

7   were responsible for the death of Steve Bechler.  When advised by the Plaintiffs Ernest Bechler

8   and Patricia Bechler that Steve Bechler had died married to Kylie Bechler, and that the

9   Plaintiffs Ernest Bechler and Patricia Bechler understood that Kylie Bechler was proceeding to

10  be appointed as the personal representative for the probate estate of Steve Bechler, Defendant

11  Macaluso told the Plaintiffs Ernest Bechler and Patricia Bechler that this posed no problem for

12  their wrongful death claims against Cytodyne Technologies, Inc., and others, since they were

13  the parents of Steve Bechler.  During this telephone conference, arrangements were also made

14  for Defendant Macaluso to travel to Medford, Jackson County, Oregon to meet with the

15  Plaintiffs Ernest Bechler and Patricia Bechler in order to sign a contingency fee agreement with

16  Defendant Macaluso's law firm for the purpose of pursuing a wrongful death claim for the

17  death of the Plaintiffs Ernest Bechler and Patricia Bechler's son, Steve Bechler, against

18  Cytodyne Technologies, Inc. and others.

                                    12.

20      On March 1, 2003, in Medford, Jackson County, Oregon, the Defendant Macaluso met

21  with the Plaintiffs Ernest Bechler and Patricia Bechler at the residence of Plaintiff Ernest

22  Bechler, and a Contingency Fee Agreement was executed between the Plaintiffs Ernest Bechler

23  and Patricia Bechler and the Defendant Macaluso Baker & Macaluso.  A copy of Plaintiff

24  Ernest Bechler's copy of this Contingency Fee Agreement, which contains only Plaintiff Ernest

25  Bechler's signature as to the contingency fee agreement and Plaintiffs Ernest Bechler and

26  Patricia Bechler's signatures as to a form of disclosure made with regard to the contingency fee

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 306
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

**COMPLAINT - 6**

1  agreement, is attached hereto as Exhibit "A" and by reference incorporated herein.  The

2  original of the Contingency Fee Agreement, a copy of which the Plaintiffs do not now possess,

3  was signed by Defendant Macaluso, on behalf of the Defendant Macaluso Baker & Macaluso,

4  and by the Plaintiffs Ernest Bechler and Patricia Bechler.  The Contingency Fee Agreement

5  signed on March 1, 2003, in Medford, Jackson County, Oregon, by the Plaintiffs Ernest Bechler

6  and Patricia Bechler and by the Defendant Macaluso, on behalf of his law firm, Defendant

7  Macaluso Baker & Macaluso, is hereinafter referred to as the "Contingency Fee Agreement."

8                                                    13.

9         On March 1, 2003, at the time of the execution of the Contingency Fee Agreement, there

10  existed an Oregon statute, ORS 20.340, governing all contingency fee agreements entered into

11  in the State of Oregon with regard to the legal representation of citizens and residents of the

12  State of Oregon on a contingency fee basis.  This statute provided, as follows:

13          "20.340. Contingent fee agreement.

14          (1) In any civil action arising out of bodily injury, death or property
            damage, including claims for emotional injury or distress, loss of care,
15          comfort, companionship and society, and loss of consortium, if an
            attorney for a plaintiff in respect to any civil action enters into an
16          agreement with the plaintiff whereby the attorney receives as a fee a
            percentage of the amount of any settlement or judgment awarded to the
17          plaintiff:

18          (a) The contingent fee agreement shall be written in plain and simple
            language reasonably believed to be understandable by the plaintiff.
19
            (b) The attorney shall explain the terms and conditions of the
20          agreement in compliance with a model explanation in plain and simple
            language prepared by the Oregon State Bar a reasonable time before
21          the agreement is signed.

22          (c) The contingent fee agreements must contain a provision allowing
            the plaintiff to rescind the agreement within 24 hours after signing
23          upon written notice to the attorney.

24          (2) Any contingent fee agreement entered into on or after September
            26, 1987, that does not comply with the requirements of subsection (1)
25          of this section is voidable."

26  //

COMPLAINT - 7

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5024
FAX (541) 779-3306

14.

On March 1, 2003, at the time of the execution of the Contingency Fee Agreement, the Oregon State Bar had adopted a model explanation in plain and simple language to comply with the requirements of ORS 20.340 in explaining the terms and conditions of contingency fee agreements entered into in the State of Oregon for the legal representation of residents and citizens of the State of Oregon. This model explanation adopted by the Oregon State Bar for contingency fee agreements entered into in the State of Oregon for the legal representation of residents and citizens of the State of Oregon provided, as follows:

## "Oregon State Bar Approved Explanation of Contingent Fee Agreement

This is an explanation of your Contingent Fee Agreement with us. Please read it and sign it before you sign the Agreement.

The Contingent Fee Agreement says:

1. We agree to handle your case.

2. If we handle your case to completion and do not recover any money for you, you do not have to pay us for our services.

3. If we handle your case to completion and recover some money for you, you must pay us for our services. Our fee will be a percentage of what we recover for you. The percentage is set forth in the Contingent Fee Agreement.

4. If we advance money for filing fees, witness fees, doctors' reports, court reporters' services or other expenses on your behalf, you must repay us whether the case is won or lost.

5. You may cancel the Contingent Fee Agreement by notifying us in writing within 24 hours after you sign it.

6. If you cancel the agreement within the 24-hour period, you will have no obligation to us.

Date: _____

I have read the foregoing explanation before I signed a Contingent Fee Agreement with _____

Client's Signature

1/20/96 Revision."

COMPLAINT - 8

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 206
MEDFORD, OR 97501
(541) 776-5825
FAX (541) 779-3306

15.

Prior to the execution of the Contingency Fee Agreement on March 1, 2003, neither the the Defendant Macaluso nor the Defendant Macaluso Baker & Macaluso provided the Plaintiffs Ernest Bechler and Patricia Bechler with the model explanation in plain and simple language prepared by the Oregon State Bar as described in Paragraph 14 of this Complaint. Following the execution of the Contingency Fee Agreement, on March 1, 2003, neither the Defendant Macaluso nor the Defendant Macaluso Baker & Macaluso provided the Plaintiffs Ernest Bechler and Patricia Bechler with a complete and fully executed copy of the Contingency Fee Agreement containing the signatures of both Plaintiffs Ernest Bechler and Patricia Bechler, and the signature of Defendant Macaluso, on behalf of his law firm, Defendant Macaluso Baker & Macaluso.

16.

No contingency fee agreement or any agreement in writing was ever executed between the Plaintiff Mike Bechler and the Defendants Macaluso or Macaluso Baker & Macaluso, with regard to the representation of the interests of the Plaintiff Mike Bechler relating to the wrongful death of his brother, Steve Bechler, or his interests in the probate of Steve Bechler's estate, by the Defendant Macaluso or his law firm, Defendant Macaluso Baker & Macaluso.

17.

At the time of the meeting with the Defendant Macaluso in Medford, Jackson County, Oregon and the execution of the Contingency Fee Agreement, Plaintiffs Ernest Bechler and Patricia Bechler again expressed concerns to the Defendant Macaluso about Kylie Bechler, the widow of Steve Bechler, being appointed as the personal representative for the estate of Steve Bechler, and the potential legal effect of such an appointment on the pursuit of any wrongful death claims on their own behalf against Cytodyne Technologies, Inc. and others for the death of their son, Steve Bechler. Defendant Macaluso continued to advise the Plaintiffs Ernest Bechler and Patricia Bechler during this meeting that the appointment of Kylie Bechler, as the

1   personal representative of the probate estate of Steve Bechler, would have no legal effect on the

2   Plaintiffs Ernest Bechler and Patricia Bechler's ability to prosecute the wrongful death claims

3   against Cytodyne Technologies, Inc. and others for the death of their son, Steve Bechler, as he

4   had done previously in Defendant Macaluso's telephone conference with the Plaintiffs Ernest

5   Bechler and Patricia Bechler in late February, 2003, .  Defendant Macaluso further advised the

6   Plaintiff Ernest Bechler and Patricia Bechler during this meeting on March 1, 2003 that

7   retaining his law firm to represent them on their wrongful death claims against the Cytodyne

8   Technologies, Inc. and others was a wise move, since the attorneys for Kyle Bechler would

9   have to come through his office, in any event, because his law firm "held all the cards" and had

10   all of the experts and necessary information required to successfully prosecute any wrongful

11   death claim against Cytodyne Technologies, Inc. and others for the death of Steve Bechler.

12   Defendant Macaluso, during this March 1, 2003 meeting with the Plaintiffs Ernest Bechler and

13   Patricia Bechler, further belittled the attorneys representing Kyle Bechler with regard to her

14   appointment as personal representative of the estate of Steve Bechler and the prosecution of a

15   wrongful death action against Cytodyne Technologies, Inc. or others for the death of Steve

16   Bechler.

17                               18.

18        On March 6, 2003,  the class action lawsuit referenced in the letter of Defendant

19   Macaluso to the Plaintiffs Ernest Bechler and Patricia Bechler, dated February 20, 2003, came

20   on for a bench trial before Ronald L. Styn of the Superior Court of the State of California for

21   the County of San Diego.  This class action lawsuit, which was entitled <u>Jason A. Park, on</u>

22   <u>behalf of himself and all others similary situated vs. Cytodyne Technologies, Inc., et al,</u>

23   Superior Court for the County of San Diego Case No. GIC 768364, was filed as a class action

24   with regard to a class defined as "persons in California who purchased the dietary supplement

25   Xenadrine RFA-1 for personal, family, or household purposes commencing from April 21,

26   1997 through June 4, 2001, but excluding from this class individuals who are directors, officers

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5825
FAX (541) 779-3306

**COMPLAINT - 10**

1    and employees of the defendant corporations." Contrary to the statement made in Defendant

2    Macaluso's letter of February 20, 2003 to the Plaintiffs Ernest Bechler and Patricia Bechler,

3    however, this class action lawsuit did not seek to recover damages from Cytodyne

4    Technologies, Inc. for misrepresentations made to other individuals outside of the State of

5    California as to its product, Xenadrine RFA-1, nor sought damages for personal injuries or

6    wrongful death of the individuals that had purchased the Xenadrine RFA-1 product. Contrary

7    to the statement made by the Defendant Macaluso in his letter of February 20, 2003 to the

8    Plaintiffs Ernest Bechler and Patricia Bechler, the claims in this class action were limited to the

9    amount of money that purchasers in the State of Oregon had paid for the Xenadrine RFA-1

10   product. As a result of the evidence presented at the bench trial in the <u>Park</u> class action,

11   Superior Court Judge Styne eventually awarded the class plaintiffs a principal judgment of

12   $12,536,820.00 against the Defendant Cytodyne Technologies, Inc., and against its successor

13   corporations Nutriquest, Inc. and Nutraquest, Inc., jointly and severally.

14                                             19.

15          On April 7, 2003, Kylie Bechler was officially appointed as the personal representative

16   and executrix for the Estate of Steven Scott Bechler, based upon Letters of Administration duly

17   issued in a probate proceeding filed in the State of Florida, where Steve Bechler had died. At

18   all times material to this action, Kylie Bechler was the duly appointed and acting personal

19   representative and executrix for the Estate of Steven Scott Bechler, and had exclusive control

20   over and was the only person who could lawfully file and prosecute any wrongful death claims

21   arising out of the death of Steve Bechler. At all times material to this action, these wrongful

22   death claims were held by Kylie Bechler, in her representative capacity, for benefit of the Estate

23   of Steven Scott Bechler, as to whom the Plaintiffs were heirs or beneficiaries.

24                                             20.

25          On or about June 2, 2003, Defendant Macaluso did cause one or more press releases or

26   statements to be issued to the Associated Press and to other wire services and newspaper

COMPLAINT - 11

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-2025
FAX (541) 779-3306

1    publishers regarding his law firm's representation of the Plaintiffs Ernest Bechler and Patricia

2    Bechler under the Contingency Fee Agreement.  As a result of these press releases or statements

3    issued to the Associated Press and other wire services and newspaper publishers, on June 3,

4    2003, an article was published in the <u>Medford Mail Tribune</u> in Medford, Jackson County,

5    Oregon, in which Defendant Macaluso is quoted as indicating that the Plaintiffs Ernest Bechler

6    and Steve Bechler planned to sue Cytodyne Technologies, Inc., and Phoenix Laboratories, the

7    manufacturers of Xenadrine RFA-1, a diet supplement that includes ephedra, and that this civil

8    action would charge wrongful death, product liability, negligence, fraud and misrepresentation,

9    arising out of the death of Steve Bechler.

10                                   21.

11        At the time of the execution of the Contingency Fee Agreement and at all material times

12    thereafter, including at the time of the issuance of the press releases or statements described in

13    Paragraph 22 of this Complaint, on June 1, 2003, Defendant Macaluso knew or reasonably

14    should have known that the Plaintiffs Ernest Bechler and Patricia Bechler had no standing and

15    could not lawfully pursue claims for wrongful death, product liability, negligence, fraud or

16    misrepresentation against Cytodyne Technologies, Phoenix Laboratories, or others, for the

17    wrongful death of their son, Steve Bechler, caused by his use of the Xenadrine RFA-1 product.

18    At all times material to this action, Defendant Macaluso further knew or reasonably should have

19    known that only the duly appointed and qualified personal representative of and executrix of the

20    Estate of Steven Scott Bechler, Kylie Bechler, had standing and was the real party in interest to

21    pursue such wrongful death claims.

22                                    22.

23        Shortly after the signing of the Contingency Fee Agreement by the Plaintiffs Ernest

24    Bechler and Patricia Bechler, at an exact date now unknown to the Plaintiffs, Defendant

25    Macaluso convinced the Plaintiffs Ernest Bechler and Patricia Bechler that it was necessary that

26    a "litigation funding" loan be obtained for his law firm, Defendant Macaluso Baker &

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

**COMPLAINT - 12**

1   Macaluso, so that he and his law firm could properly prepare and prosecute the wrongful death

2   claims of the Plaintiffs Ernest Bechler and Patricia Bechler against Cytodyne Technologies, Inc.

3   and others arising out of the death of the Plaintiffs Ernest Bechler and Patricia Bechler's son,

4   Steve Bechler.  Plaintiffs Ernest Bechler and Patricia Bechler were told by the Defendant

5   Macaluso that a "litigation funding" loan was required, although Defendant Macaluso never

6   specifically advised the Plaintiffs Ernest Bechler and Patricia Bechler why such "litigation

7   funding" loan was required, nor how the proceeds from this "litigation funding" loan would be

8   utilized in the prosecution of the wrongful death claims on their behalf.  Based upon the

9   representations of the Defendant Macaluso, Plaintiffs Ernest Bechler and Patricia Bechler

10  signed paperwork to authorize a "litigation funding" loan of up to $100,000 for use in the

11  prosecution of their wrongful death claims by the Defendants Macaluso and Macaluso Baker &

12  Macaluso.  Plaintiffs Ernest Bechler and Patricia Bechler did not understand the true nature of

13  this "litigation funding" loan, the costs or interest associated with this "litigation funding" loan,

14  nor how it would be repaid, except that Plaintiffs Ernest Bechler and Patricia Bechler were

15  advised that it would be repaid totally out of the recoveries on their wrongful death claims

16  being prosecuted by Defendants Macaluso and Macaluso Baker & Macaluso.  Plaintiffs Ernest

17  Bechler and Patricia Bechler were not provided with any written documentation on this

18  "litigation funding" loan by Defendants Macaluso and Macaluso Baker & Macaluso at the time

19  of the execution of the documents to obtain this "litigation funding" loan or thereafter.

                                    23.

21    On July 16, 2003, Kylie Bechler, as personal representative of and executrix of the

22  Estate of Steven Scott Bechler, filed a civil action in the United States District Court for the

23  Southern District of Florida against Cytodyne Technologies, Inc., Robert Chinery, Phoenix

24  Laboratories, Inc. and XYZ Corporation, which was entitled <u>Kylie Bechler, as Personal</u>

25  <u>Representative and Executrix of Estate of Steven Scott Bechler v. Cytodyne Technologies, Inc.,</u>

26  <u>et al</u>, United States District Court for the Southern District of Florida Case No. 03-cv-61369-

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5825
FAX: (541) 779-3306

**COMPLAINT - 13**

PCH. This civil action alleged wrongful death counts against the foregoing defendants as follows:

A. For strict liability in tort based upon the inherent and unreasonably dangerous qualities of the Xenadrine RFA-1, a diet supplementary product containing ephedra, which was manufactured, distributed, and sold to Steve Bechler;

B. For strict liability in tort for the defendants' failure to warn Steve Bechler of the serious health risks that ephedra and Xenadrine RFA-1 pose;

C. For strict liability in tort for misrepresentations by the defendants of the safety and efficacy of Xenadrine RFA-1;

D. For negligence, based upon the defendants' negligent misrepresentations and omissions with respect to ephedra and Xendradrine RFA-1, if these misrepresentations and omissions were made without knowledge of their falsity and without a conscious intent to deceive;

E. For breach of an express warranty against the retail seller of the Xenadrine RFA-1 product, XYZ Corporation, purchased by Steve Bechler, under a Florida statute, F.S.A. §672.313, arising out of misrepresentations contained on the label of the this product which indicated that the product was "clinically proven," that the produce contained only precise, delineated amounts of ephedrine per "serving," and that the product "best" when used in conjunction with a diet and exercise program; and

F. For breach of an implied warranty against the retail seller of the Xenadrine RFA-1 product, XYZ Corporation, purchased by Steve Bechler, under a Florida statute, F.S.A. §672.314, that the Xenadrine RFA-1 is safe and fit for its ordinary and intended use as a dietary supplemental and weight loss "catalyst."

24.

The attorneys for Kylie Bechler in the wrongful death action filed in the United States District Court for the Southern District of Florida, Case No. 03-cv-61369-PCH, were the local

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5825
FAX (541) 779-3306

**COMPLAINT - 14**

1  law firm of Stearns Weaver Miller Weissler Alhadeff & Sitterson, PA, of Miami, Florida, and

2  the principal law firm of Meiselman, Denlea, Packman & Eberz, P.C., of White Plains, New

3  York.  The attorney who primarily represent Kylie Bechler with regard to her wrongful death

4  claims, as the Personal Representative of and Executrix of the Estate of Steven Scott Bechler,

5  through the various courts and proceedings hereinafter alleged in which these wrongful death

6  claims had to be prosecuted, was attorney Jeffrey I. Carton of the law firm of Meiselman,

7  Denlea, Packman & Eberz, P.C. (hereinafter "attorney Carton") located in White Plains, New

8  York.  Contrary to statements made to the Plaintiffs Ernest Bechler and Patricia Bechler by

9  Defendant Macaluso, at the time the Plaintiffs Ernest Bechler and Patricia Bechler were

10  induced into signing the Contingency Fee Agreement, at all times material to this action,

11  attorney Carton and the attorneys in both the Miami, Florida law firm of Stearns Weaver Miller

12  Weissler Alhadeff & Sitterson, PA and the White Plains, New York law firm of Meiselman,

13  Denlea, Packman & Eberz, P.C., not only were highly competent and ethical, but efficiently and

14  effectively prosecuted the wrongful death claims held by Kylie Bechler, as the Personal

15  Representative of and Executrix for the Estate of Steven Scott Bechler, for the benefit of this

16  Estate and its heirs and beneficiaries, including the Plaintiffs.

17                                                                  25.

18          On July 23, 2003, the Plaintiffs Ernest Bechler and Patricia Bechler testified before

19  United States House of Representatives, Subcommittee on Oversight and Investigations of the

20  Committee on Energy and Commerce, in Washington, D.C., at a hearing titled "Issues Relating

21  to Ephedra-containing Dietary Supplements," and with regard to the death of their son, Steve

22  Bechler, caused by the use of Xenadrine RFA-1 product manufactured by Cytodyne

23  Technologies, Inc.  Although the testimony of the Plaintiffs Ernest Bechler and Patricia Bechler

24  at this Congressional hearing was coordinated through the law firm of the Defendant Macaluso

25  Baker and Macaluso, all expenses for the round trip air travel to Washington, D.C. from

26  Medford, Oregon and for the Plaintiffs Ernest Bechler and Patricia Bechler's lodging while in

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5825
FAX (541) 779-3306

**COMPLAINT - 15**

1   Washington, D.C., were, on information and belief, paid for by the House Committee on

2   Energy and Commerce.

3                                          26.

4          On August 22, 2003, in the Park class action lawsuit in the Superior Court for the State

5   of California for San Diego County, Superior Court Judge Styne awarded attorney fees to the

6   three law firms that had prosecuted this action for the class plaintiffs, in the following amounts,

7   as set forth in Judge Styne's Order entitled "Ruling Re: Attorney Fees," to-wit:

8
        A.  Frantz Townsend and Foldenauer LLP          $2,310,014.00;
9
        B.  Macaluso & Associates [the Defendant
10          Macaluso Baker & Macaluso]                  $1,560,256.00; and

11      C.  Post Kirby Noonan & Sweat LLP               $1,053,636.00.

12  From and after the entry of the foregoing attorney fee award order in the Park class action, the

13  Defendant Macaluso and the Defendant Macaluso Baker & Macaluso had a strong competing

14  economic interest to recover the awarded attorney fees to the Defendant Macaluso Baker &

15  Macaluso law firm from Cytodyne Technologies, Inc., which economic interest was and came

16  into sharp conflict with the interests of Kylie Bechler, as Personal Representative of and

17  Executrix of the Estate of Steven Scott Bechler, and of the Plaintiffs, who also sought to

18  recover substantial damages from Cytodyne Technologies, Inc., or its successor corporations,

19  Nutriquest, Inc. and Nutraquest, Inc., because of the wrongful death of Steve Bechler arising out

20  of his use of the Xenadrine RFA-1 product manufactured by Cytodyne Technologies, Inc.

21                                         27.

22         On September 16, 2003, Defendant Macaluso finally caused a copy of the Complaint

23  filed in the wrongful death action by Kylie Bechler, as Personal Representative of and

24  Executrix of the Estate of Steven Scott Bechler, against Cytodyne Technologies, Inc., Robert

25  Chinery, Phoenix Laboratories, Inc., and XYZ Corporation, in the United States District Court

26  for the Southern District of Florida, to be faxed to the Plaintiff Ernest Bechler.  On information

COMPLAINT - 16

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-3505
FAX (541) 779-3306

1    and belief, Plaintiffs allege that the Defendants Macaluso and Macaluso Baker & Macaluso had

2    obtained a copy of this wrongful death action Complaint, on or about July 18, 2003, two days

3    after its filing in the United States District Court for the Southern District of Florida, but had

4    purposefully withheld the production of this Complaint to the Plaintiffs Ernest Bechler and

5    Patricia Bechler.

6                                            28.

7          On September 26, 2003, Defendant Macaluso wrote to Jeffrey I. Carton suggesting that

8    the Plaintiffs Ernest Bechler and Patricia Bechler be allowed to "intervene" in the wrongful

9    death action filed against Cytodyne Technologies, Inc. and others in the United States District

10   Court for the Southern District of Oregon by Kylie Bechler, as Personal Representative of and

11   Executrix of the Estate of Steven Scott Bechler, and further proposed that he litigate the

12   "liability" portion of the wrongful death action.  Defendant Macaluso further suggested in his

13   letter that Kylie Bechler, as Personal Representative of and Executrix of the Estate of Steven

14   Scott Bechler, agree to a monetary percentage that would go to the Plaintiffs Ernest Bechler and

15   Patricia Bechler in advance of their deposition testimony which were then scheduled to be taken

16   in the near future in the wrongful death action filed by Kylie Bechler in the United States

17   District Court for the Southern District of Florida.

18                                           29.

19         On October 1, 2003, attorney Carton wrote a letter in response to the Defendant

20   Macaluso's letter of September 26, 2003.  In his letter, attorney Carton declined Defendant

21   Macaluso's proposal to have the Plaintiffs Ernest Bechler and Patricia Bechler "intervene" in

22   the pending wrongful death action filed by Kylie Bechler in the United States District Court for

23   the Southern District of Florida and to have Defendant Macaluso litigate the "liability" portion

24   of this wrongful death action.  Attorney Carton also questioned the ethical and practical

25   propriety of reaching an agreement on the monetary percentage that the Plaintiffs Ernest

26   Bechler and Patricia Bechler would receive from any settlement of the wrongful death action

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

**COMPLAINT - 17**

1    filed by Kylie Bechler in the United States District Court for the Southern District of Florida,

2    prior to the taking of their depositions in this wrongful death action.  Attorney Carton indicated

3    that all that Kylie Bechler wanted in these depositions of the Plaintiffs Ernest Bechler and

4    Patricia Bechler was their truthful testimony.  In his letter of October 1, 2003, attorney Carton

5    further indicated that it was always and remained the intent of Kylie Bechler, as Personal

6    Representative of and Executrix of the Estate of Steven Scott Bechler, to consider the Plaintiffs

7    Ernest Bechler and Patricia Bechler, when and if there was a recovery in this wrongful death

8    action, and that he thus saw no necessity for reaching a monetary percentage agreement prior to

9    the Plaintiffs Ernest Bechler and Patricia Bechler's deposition.  Attorney Carton also sought to

10   have certain alleged recent public statements made by the Plaintiffs Ernest Bechler and Patricia

11   Bechler which attorney Carton considered to be harmful to Kylie Bechler and her and Steve

12   Bechler's daughter, Hailie Bechler, and the claims in the pending wrongful death action,

13   stopped and avoided before the Plaintiffs Ernest Bechler and Patricia Bechler's depositions

14   were taken in this action.  Attorney Carton urged that his letter of October 1, 2003 be shared

15   with the Plaintiffs Ernest Bechler and Patricia Bechler, and indicated that he would like to have

16   the parties work together in scheduling and preparing for the Plaintiffs Ernest Bechler and

17   Patricia Bechler's depositions in the wrongful death action, since the goal should be for all

18   concerned to present a unified family in this litigation.

19                                            30.

20        Plaintiffs Ernest Bechler and Patricia Bechler were never contemporaneously advised of

21   the contents of either the letter from Defendant Macaluso to attorney Carton, dated September

22   26, 2003, nor the response letter from attorney Carton to Defendant Macaluso, dated October 1,

23   2003.  These letters were not reasonably discovered by the Plaintiffs until the production of

24   correspondence by attorney Carton to the Plaintiffs' Ernest Bechler and Patricia Bechler in

25   connection with the investigation of the Plaintiffs' claims in this action, in June, 2007.

26   Plaintiffs were also not contemporaneously advised by Defendant Macaluso that they were not

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5021
FAX (541) 779-3306

**COMPLAINT - 18**

1  going to be able to "intervene" in the wrongful death action filed by Kylie Bechler, or that

2  attorney Carton had declined Defendant Macaluso's offer to handle the "liability" portion of the

3  wrongful death action.  Rather, Defendant Macaluso continued after the receipt of attorney

4  Carton's letter of October 1, 2003 to incorrectly advise the Plaintiffs Ernest Bechler and Patricia

5  Bechler that he was pursuing their wrongful death claims against Cytodyne Technologies, Inc.

6  and others for the death of their son, Steve Bechler, and that Kylie Bechler's attorneys were

7  going to have to come through him to obtain the necessary expert testimony and other evidence

8  required to successfully prosecute any wrongful death claims against Cytodyne Technologies,

9  Inc. and others for the death of Steve Bechler.

10                                      31.

11        On October 3, 2003, in the Park class action lawsuit, Superior Court Judge Styne

12  entered a final judgment, which awarded the principal sum of $12,536,820, plus interest at the

13  legal rate thereon from the date of the entry of judgment, in favor of the plaintiff Park, as class

14  representative of the certified class, and against Cytodyne Technologies, Inc., Nutraquest, Inc.,

15  and Nutriquest, Inc., jointly and severally, on the fraud and misrepresentation claims alleged in

16  the complaint in the class action.  In this judgment, Superior Court Judge Styne further entered

17  judgment for the plaintiff Park, for the reasonable attorney fees for the three law firms that had

18  represented the class plaintiffs for the amounts previously determined in Judge Styne's Ruling

19  Re: Attorney Fees, filed on August 22, 2003, in the Park class action, viz:

    A.  Frantz Townsend and Foldenauer LLP      $2,310,014.00;

    B.  Macaluso & Associates [the Defendant
       Macaluso Baker & Macaluso]      $1,560,256.00; and

    C.  Post Kirby Noonan & Sweat LLP      $1,053,636.00.

24  In addition, the judgment entered on October 3, 2003 in the Park class action also awarded

25  statutory costs to the class representative plaintiff Park, based on the following total amounts

26  incurred by the three law firms representing the class plaintiffs, to-wit:

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5825
FAX (541) 779-3306

COMPLAINT - 19

A.  Frantz Townsend and Foldenauer LLP and
    Macaluso & Associates [the Defendant
    Macaluso Baker & Macaluso]                    $124,115.42; and

B.  Post Kirby Noonan & Sweat LLP                 $30,448.20.

Additional non-statutory costs were also awarded to the plaintiff Park in the judgment of

October 3, 2003, based upon the following amounts incurred by the three law firms

representing the class plaintiffs, to-wit:

A.  Frantz Townsend and Foldenauer LLP and
    Macaluso & Associates [the Defendant
    Macaluso Baker & Macaluso]                    $395,886.41; and

B.  Post Kirby Noonan & Sweat LLP                 $49,576.11.

The plaintiff Park was also awarded in the October 3, 2003 judgment the additional principal

sum of $20,000.  The total monetary judgment awarded against Cytodyne Technologies, Inc.,

Nutraquest, Inc., and Nutriquest, Inc., jointly and severally, in the October 3, 2003 judgment in

the Park class action lawsuit, was thus $18,080,742.14.  The total amount awarded to the

Defendant Macaluso Baker & Macaluso for attorney fees, statutory costs, and non-statutory

costs, in the judgment of October 3, 2003 in the Park class action, was thus $2,080,257.83.

32.

On October 7, 2003, Defendant Macaluso wrote again to attorney Carton suggesting that

a "fair resolution of the matter" would be that the Plaintiffs Ernest Bechler and Patricia Bechler

receive 33% of the gross proceeds of any settlement or judgment (before attorney's fees were

deducted) in the wrongful death action filed by Kylie Bechler in the United States District Court

for the Southern District of Oregon.  Defendant Macaluso opined in this letter that there was no

ethical or other problem with entering into an agreement with regard to the division of such a

monetary recovery from the wrongful death action before the Plaintiffs Ernest Bechler and

Patricia Bechler gave their deposition testimony in the action.  On October 10, 2003, attorney

Carton wrote back to Defendant Macaluso advising him that it appeared that they had a

fundamental difference of opinion concerning the matter and the anticipated role of the

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5825
FAX (541) 779-3306

**COMPLAINT - 20**

1    Plaintiffs Ernest Bechler and Patricia Bechler in the wrongful death action.  Attorney Carton

2    further advised the Defendant Macaluso that because attorney Carton and his client believed

3    that any such agreement concerning a monetary division of any wrongful death action

4    settlement or judgment proceeds was premature and improper, the proposed division set forth in

5    Defendant Macaluso's letter of October 7, 2003 would not be responded to by Kylie Bechler, as

6    Personal Representative and Executrix of the Estate of Steven Scott Bechler.  Attorney Carton

7    addressed several other collateral issues that had been raised in Defendant Macaluso's October

8    3, 2003 letter and indicated that he continued to hope that Defendant Macaluso would see the

9    wisdom of helping Kylie Bechler and him to ensure that the family presents a unified front.

10   Attorney Carton further warned the Defendant Macaluso that the wrongful death action filed by

11   Kylie Bechler on behalf of the Estate of Steven Scott Bechler would proceed with or without

12   the cooperation of the Plaintiffs Ernest Bechler and Patricia Bechler.  Defendant Macaluso did

13   not provide a copy of his letter of October 7, 2003 mailed to attorney Carton, nor the response

14   letter from attorney Carton, dated October 10, 2003, to the Plaintiffs Ernest Bechler and Patricia

15   Bechler.  Defendant Macaluso also did not advise the Plaintiffs Ernest Bechler and Patricia

16   Bechler contemporaneously of the nature and substance of this communication, and the

17   Plaintiffs Ernest Bechler and Patricia Bechler of the offer of settlement set forth in Defendant

18   Macaluso's letter of October 7, 2003, and this offer of compromise was not authorized by the

19   Plaintiffs Ernest Bechler and Patricia Bechler.  The foregoing letters of October 7, 2003 and

20   October 10, 2003 were not reasonably discovered by the Plaintiffs until the production of

21   correspondence by attorney Carton to the Plaintiffs' Ernest Bechler and Patricia Bechler in

22   connection with the investigation of the Plaintiffs' claims in this action, in June, 2007.

23                                             33.

24        On October 16, 2003, Nutraquest, Inc. filed a voluntary Chapter 11 bankruptcy petition

25   in the United States Bankruptcy Court for the District of New Jersey in a case entitled In re

26   Nutraquest, Inc., Case No. 03-44147(RTL), as a result of the filing of the wrongful death action

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 206
MEDFORD, OR 97501
(541) 776-5825
FAX (541) 779-3306

**COMPLAINT - 21**

1   by Kylie Bechler in the United States District Court for the District of Oregon against the

2   Defendants Cytodyne Technologies, Inc., Robert Chinery, Phoenix Laboratories, Inc. and XYZ

3   Corporation, the entry of the large October 3, 2003 judgment against Cytodyne Technologies,

4   Inc., Nutraquest, Inc., and Nutriquest, Inc., jointly and severally, in the Park class action, and

5   the pendency of a number of other civil actions that had been filed against Cytodyne

6   Technologies, Inc., Nutraquest, Inc., and/or Nutriquest, Inc., with regard to the Xenadrine

7   RFA-1 product.

8                                    34.

9        On November 18, 2003, Defendant Macaluso wrote to the Plaintiffs Ernest Bechler and

10   Patricia Bechler enclosing a copy of a notice of deposition and deposition subpoenas that had

11   been issued in the Kiley Bechler v. Cytodyne Technologies, Inc., et al, United States District

12   Court for the District of Florida Case No. 03-cv-61369--PCH by the attorneys for the

13   defendants in this wrongful death action, Holland & Knight, LLP.  In his letter to the Plaintiffs

14   Ernest Bechler and Patricia Bechler, however, Defendant Macaluso erroneously indicated that

15   the attorneys for Kiley Bechler in this wrongful death action had noticed their depositions on

16   December 9, 2003, in Medford, Oregon.  The depositions of Plaintiffs Ernest Bechler, Patricia

17   Bechler, and Mike Bechler were thereafter rescheduled and noticed for February 24 and 25,

18   2004, in Medford, Oregon, by the law firm of Hollan & Knight, LLP, attorneys for the

19   defendants in the wrongful death action filed by Kylie Bechler, as Personal Representative and

20   Executrix of the Estate of Steven Scott Bechler.  On January 22, 2004, however, these noticed

21   rescheduled depositions of all three of the Plaintiffs were cancelled by the defendants'

22   attorneys.

23                                    35.

24        On November 25, 2003, Kylie Bechler, as Personal Representative and Executrix of the

25   Estate of Steven Scott Bechler, by and through her attorneys, filed a motion for relief from the

26   automatic stay under 11 U.S.C. §362, so that she could continue to prosecute her wrongful

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5825
FAX (541) 779-3306

**COMPLAINT - 22**

1   death action filed against Defendants Cytodyne Technologies, Inc., Robert Chinery, Phoenix

2   Laboratories, Inc. and XYZ Corporation in the United States District Court for the Southern

3   District of Florida. Neither Defendant Macaluso nor Defendant Macaluso Baker & Macaluso

4   filed any similar motion to obtain relief from the automatic stay in the <u>In re Nutraquest, Inc.</u>

5   Chapter 11 bankruptcy case for the purpose of pursuing litigation of wrongful death claims on

6   behalf of the Plaintiffs with regard to the death of Steve Bechler from his use of the Xenadrine

7   RFA-1 product.

8                                            36.

9          On November 25, 2003, Kylie Bechler, as Personal Representative and Executrix of the

10  Estate of Steven Scott Bechler, in the wrongful death action filed in the United States District

11  Court for the Southern District of Florida, Case No. 03-cv-61369-PCH, filed a Second

12  Amended Complaint. This Second Amended Complaint added defendants Evergood Products,

13  Cytodyne, LLC, Cytodyne I, LLC, Mel Rich, Steven Stern, RTC Research, and General

14  Nutrition to this action.

15                                           37.

16         On December 12, 2003, the debtor Nutraquest, Inc. filed a complaint against the Kylie

17  Bechler and approximately 93 other plaintiffs who were then suing Nutraquest, Inc., or its

18  predecessor corporations, Cytodyne Technologies, Inc. and Nutriquest, Inc., with regard to its

19  product Xenadrine RFA-1. This complaint was filed as an adversary proceeding in the United

20  States Bankruptcy Court for the District of New Jersey. This complaint sought declaratory and

21  injunctive relief to require that Kylie Bechler and these other plaintiffs be required to prosecute

22  their actions against the debtor Nutraquest, Inc. and others solely in the United States

23  Bankruptcy Court for the District of New Jersey. The complaint of the debtor Nutraquest, Inc.

24  did not name any of the Plaintiffs nor seek to enjoin any wrongful death or other action filed by

25  the Defendants Macaluso and Macaluso Baker & Macaluso for the Plaintiffs Ernest Bechler and

26  Patricia Bechler, as no wrongful death action had been filed by Defendants Macaluso and

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

**COMPLAINT - 23**

1    Macaluso Baker & Macaluso for any of the Plaintiffs.

2                                        38.

3          On December 12, 2003, the debtor Nutraquest, Inc. also filed in the United States

4    District Court for the District of New Jersey a proceeding entitled Nutraquest, Inc., Movant,

5    Case No. 03-cv-05869-GEB, in which it moved to transfer certain actions that were the subject

6    of its complaint filed in the United States Bankruptcy Court for the District of New Jersey,

7    including the wrongful death action of Kylie Bechler filed in the United States District Court

8    for the Southern District of Florida, to the United States District Court for the District of New

9    Jersey.  None of the Plaintiffs nor any wrongful death action filed by the Defendants Macaluso

10   and Macaluso Baker & Macaluso were the subject of the above described motion and

11   proceeding filed by the debtor Nutraquest, Inc., as no wrongful death action had been filed by

12   Defendants Macaluso and Macaluso Baker & Macaluso for any of the Plaintiffs

13                                       39.

14         On January 23, 2004, the United States District Court for the District of New Jersey

15   granted the motion of Nutraquest, Inc. filed in Case No. 03-cv-05869-GEB and ordered the

16   transfer of certain claims against Nutraquest, Inc. to the United States District Court for the

17   District of New Jersey for further prosecution, including the wrongful death claims alleged in

18   Kylie Bechler v. Cytodyne Technologies, Inc., et al, United States District Court for the

19   Southern District of Florida Case No. 03-cv-61369-PCH.

20                                       40.

21         On January 30, 2004, the United States District Court for the Southern District of

22   Florida pursuant to a separate motion filed by Cytodyne Technologies, Inc. entered an Order in

23   the wrongful death action filed by Kylie Bechler, Kylie Bechler v. Cytodyne Technologies, Inc.,

24   et al, United States District Court for the Southern District of Florida Case No. 03-cv-61369-

25   PCH, which transfer this wrongful death action to the United States District Court for the

26   District of New Jersey for further prosecution.

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

COMPLAINT - 24

41.

On March 10, 2004, the United States District for the District of New Jersey entered an

order approving the transfer of the <u>Kylie Bechler v. Cytodyne Industries, Inc., et al</u>, United

States District Court for the Southern District of Florida Case No. 03-cv-61369-PCH wrongful

death action to the United States District Court for the District of New Jersey, and caused all of

the pleadings and other papers that had been filed in the United States District Court for the

Southern District of Florida action to be filed with the United States District Court for the

District of New Jersey.  This transferred wrongful death action was assigned Case No. 04-cv-

01130-GEB by the United States District Court for the District of New Jersey.  Following the

transfer of the wrongful death action to the United States District Court for the District of New

Jersey, attorney Carton and his law firm continued to prosecute the subject wrongful death

action on behalf of Kylie Bechler for the benefit of the Estate of Steven Scott Bechler, and

undertook all necessary and required actions to protect the interests of the Estate of Steven Scott

Bechler in the pending Chapter 11 bankruptcy case of the debtor Nutraquest, Inc.  Except as

otherwise hereinafter specifically alleged, Defendants Macaluso and Macaluso Baker &

Macaluso performed no substantive legal services for the benefit of the Plaintiffs with regard to:

(1) the wrongful death action filed on behalf of Kylie Bechler for the benefit of the

Estate of Steven Scott Bechler;

(2) the filing of any wrongful death action on behalf of any of the Plaintiffs; or

(3) the filing of any claim in the Chapter 11 case of Nutraquest, Inc. on behalf of any of

the Plaintiffs.

42.

On August 23, 2004, a claim was filed in the Chapter 11 bankruptcy case of <u>In re</u>

<u>Nutraquest, Inc.</u>, United States Bankruptcy Court for the New Jersey Case No. 03-44147(RTL),

on behalf of Jason A. Park, the representative class plaintiff in the class action in the California

Superior Court for the County of San Diego, <u>Jason A. Park v. Cytodyne Technologies, Inc., et</u>

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-5306

**COMPLAINT - 25**

al, Superior Court Case No. GIC 768364.  This claim was filed by the Defendants Macaluso

and Macaluso Baker & Macaluso's co-counsel in this class action, the law firm of Post Kirby

Noonan & Sweat, LLP.  The filed claim was for the total of the judgment, dated October 3,

2003, against Cytodyne Technologies, Inc., Nutraquest, Inc., and Nutriquest, Inc., jointly and

severally, in the amount of $18,472.263.23.  This claim included the attorney fees, statutory

costs, and non-statutory costs of the Defendant Macaluso Baker & Macaluso awarded in the

judgment of October 3, 2003 in the Park class action, which totaled $2,080,257.83.  Defendants

Macaluso and Macaluso Baker & Macaluso never filed any claim in the Chapter 11 bankruptcy

case of Nutraquest, Inc. on behalf of any of the Plaintiffs.

43.

On September 1, 2004, Defendant Macaluso and an associate attorney in his law firm,

Stacy King, filed motions for admission *pro hac vice* in the Nutraquest, Inc., Movant, United

States District Court for the District of New Jersey Case No. 03-cv-05869, proceeding.  These

motions were filed on behalf of the Plaintiffs Ernest Bechler, Patricia Bechler and Michael (sic)

Bechler.  The District Court never ruled on these motions, however, since they were not signed

by local counsel.  Plaintiffs were never advised of the filing of these motions *pro hac vice* in the

Nutraquest, Inc., Movant, United States District Court for the District of New Jersey Case No.

03-cv-05869, and did not approve of the filing of these motions on their behalf.  Plaintiffs did

not reasonably discover the existence of the filing of these motions *pro hace vice* until the

investigation of their claims alleged in this action was undertaken by their attorney in June,

2007.

44.

On October 1, 2004, a complaint was filed in the United States District Court for the

District of New Jersey on behalf of the Plaintiffs Ernest Bechler, Patricia Bechler, and Michael

(sic) Bechler and against Nutraquest, Inc., formerly known as Nutriquest, Inc., and formerly

known as Cytodyne Technologies, Inc.  The action was entitled Ernest Bechler, et al v.

COMPLAINT - 26

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5026
FAX (541) 779-3306

1    Nutraquest, Inc., United States District Court for the District of New Jersey Case No. 04-cv-

2    01130-GEB.  The complaint filed in this action was signed by a local attorney, Nancy Isaacson,

3    of the law firm of Goldstein Isaacson, PPC, of Springfield, New Jersey.  The complaint listed

4    Defendant Macaluso and attorney Stacy M. King of the Defendant Macaluso Baker & Macaluso

5    law firm, however, as "Pro Hac Vice Attorneys" for the Plaintiffs Ernest Bechler, Patricia

6    Bechler, and Michael (sic) Bechler.  Notwithstanding this designation on the final page of the

7    complaint, Defendant Macaluso and Stacy M. King of the Defendant Macaluso Baker &

8    Macaluso were, in fact, never admitted as *pro hac vice* attorneys in the United States District

9    Court for the District of New Jersey in this action, and no motion for their admission as *pro hac*

10    *vice* attorneys in this action was ever filed on their behalf by attorney Isaacson.  The complaint

11    filed in the this action alleged a wrongful death claim against the defendant Nutraquest, Inc.

12    with regard to the death of Steve Bechler for his use of the product Xenadrine RFA-1.  This

13    complaint contained counts for wrongful death, strict liability, negligence, breach of express

14    warranty, breach of implied warranty, negligent misrepresentation, and fraudulent

15    misrepresentation and concealment, which were substantially similar to the counts alleged in

16    original complaint in the wrongful death action filed by Kylie Bechler, as Personal

17    Representative and Executrix of the Estate of Steven Scott Bechler, in July, 2002, in the United

18    States District Court for the Southern District of Florida.

19                                                 45.

20            Although a summons was issued for service of the complaint in the Ernest Bechler, et al

21    v. Nutraquest, Inc., United States District Court for the District of New Jersey Case No. 04-cv-

22    01130-GEB, action for the defendant Nutraquest, Inc., no return for this summons was ever

23    filed in the action.  Upon information and belief, Plaintiffs allege that the summons and

24    complaint in this action was never served on the defendant Nutraquest, Inc.  Upon information

25    and belief, Plaintiffs further allege that no substantive legal services or other actions after the

26    filing of the complaint and issuance of the summons were performed for the benefit of the

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5825
FAX (541) 779-3306

**COMPLAINT - 27**

1    Plaintiffs in this action by Defendants Macaluso, Macaluso Baker & Macaluso, and/or the local

2    attorney, Nancy Isaacson, based upon the meager docket entries for this action.  The foregoing

3    action was eventually dismissed on December 28, 2006, following the settlement of the

4    wrongful death action claims of Kylie Bechler on behalf of the Estate of Steven Scott Bechler

5    against Cytodyne Technologies, Inc. and others under a comprehensive and global settlement

6    that occurred for all of the pending litigation involving the debtor Nutraquest, Inc. in the United

7    States District Court for the District of New Jersey, hereinafter alleged.

8                                              46.

9         Plaintiffs never received any monetary or other benefits from the filing of the wrongful

10   death action Ernest Bechler, et al v. Nutraquest, Inc., United States District Court for the

11   District of New Jersey Case No. 04-cv-01130-GEB.  No portion of the global and

12   comprehensive settlement that occurred for all of the pending litigation involving the debtor

13   Nutraquest, Inc. in the United States District Court for the District of New Jersey, hereinafter

14   alleged, was allocated to this wrongful death action or arose out of it.  The Ernest Bechler, et al

15   v. Nutraquest, Inc., United States District Court for the District of New Jersey case No. 04-cv-

16   01130-GEB action, moreover, was a legal nullity, as the Plaintiffs never had standing and were

17   never the real parties in interest with regard to the wrongful death claims arising out of the

18   death of Steve Bechler.  Kylie Bechler had been previously duly appointed as the Personal

19   Representative and Executrix of the Estate of Steven Scott Bechler and following her

20   appointment was the only real party in interest and the only person who had standing to

21   prosecute these wrongful death claims for the benefit of the Estate of Steven Scott Bechler.

22   Plaintiffs were not asked and did not authorize the filing of the Ernest Bechler, et al v.

23   Nutraquest, Inc., United States District Court for the District of Oregon Case No. 04-cv-01130-

24   GEB action on their behalf.  Plaintiffs were not advised of the filing of this action by the

25   Defendants Macaluso and Macaluso Baker & Macaluso, or any other person, and did not

26   receive a copy of the complaint filed in this action.  Plaintiffs did not reasonably discover the

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5825
FAX (541) 779-3306

**COMPLAINT - 28**

1    existence of this action and the filing of the unauthorized complaint on their behalf therein until

2    their current attorney undertook an investigation of their claims alleged in this action, in June,

3    2007.

4                                                    47.

5         The depositions of the Plaintiffs Ernest Bechler, Patricia Bechler and Mike Bechler

6    were eventually again noticed by the defendants in the wrongful death action originally filed by

7    Kylie Bechler in the United States District Court for the Southern District of Florida and

8    subsequently transferred to the United States District Court for the District of New Jersey,

9    which was ultimately entitled Kylie Bechler v. Cytodyne Technologies, Inc., et al, Case No. 04-

10   cv-05869-GEB, for January 11, 2005, in Medford, Oregon.  In conjunction with the appearance

11   of the Plaintiffs at these depositions, Defendant Macaluso entered into negotiations again with

12   attorney Carton with regard to an agreed upon division of the proceeds from any settlement or

13   judgment in the foregoing wrongful death action filed by Kylie Bechler now pending in the

14   United States District Court for the District of New Jersey.

15                                                   48.

16        On January 6, 2005, the national newspaper USA Today ran an article entitled "Grief for

17   son fills Bechlers' days, nights" which concerned the death of Steven Bechler from his use of

18   the Xenadrine RFA-1 product.  Plaintiffs Ernest Bechler and Patricia Bechler are indicated in

19   this article as then suing Phoenix Laboratories, the manufacturer of Xenadrine RFA-1, and

20   Nutraquest, the company that sold the stimulant linked to Steve Bechler's death, and Robert

21   Chinery, the president of Nutraquest, with their daughter-in-law, Kylie Bechler.  Defendant

22   Macaluso is also indicated in this article as representing the Plaintiffs Ernest Bechler and

23   Patricia Bechler in their above described lawsuit against Phoenix Laboratories, Nutraquest, and

24   Robert Chinery.  Defendant Macaluso is further indicated in this article as having advised the

25   reporter for USA Today that Nutraquest's Chapter 11 bankruptcy case filing would not affect

26   this case and that "[t]he wheels of justice continue to move forward."  The statements in this

**COMPLAINT - 29**

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

1    USA Today newspaper article with regard to the Plaintiffs Ernest Bechler and Patricia Bechler

2    suing Phoenix Laboratories, Nutraquest, and Robert Chinery, with their daughter-in-law, Kylie

3    Bechler, for the wrongful death of Steve Bechler, were erroneous.  Plaintiff Ernest Bechler and

4    Patricia Bechler were not parties to the proper wrongful death action originally filed by Kylie

5    Bechler, as the Personal Representative and Executrix of the Estate of Steven Scott Bechler, in

6    the United States District Court for the Southern District of Florida, which was transferred first

7    to the United States Bankruptcy Court for the District of New Jersey and finally to the United

8    States District Court for the District of New Jersey, as Kylie Bechler v. Cytodyne Technologies,

9    Inc., et al, Case No. 04-cv-05869-GEB.  The statements attributed to the Defendant Macaluso

10   were misleading and intended to wrongful portray himself as properly prosecuting a wrongful

11   death action claims against Phoenix Laboratories, Inc., Nutraquest, Inc., and Rober Chinery,

12   with Kylie Bechler, which Defendant Macaluso knew or reasonably should have know was not

13   the case.

14                                          49.

15        The negotiations between Defendant Macaluso and attorney Carton, which were

16   undertaken shortly before the noticed depositions of the Plaintiffs in Medford, Oregon, on

17   January 11, 2005, in the Kylie Bechler v. Cytodyne Technologies, Inc., et al, United States

18   District Court for the District of New Jersey, 04-cv-05869-GEB action, for a division of any

19   settlement or judgment proceeds from the wrongful death action filed by Kylie Bechler,

20   eventually led to the execution of a Confidential Settlement Agreement between the Plaintiffs

21   Ernest Bechler, Patricia Bechler, and Michael Bechler, and Kylie Bechler, the Personal

22   Representative and Executrix of the Estate of Steven Scott Bechler, on January 7, 2005.  In this

23   Confidential Settlement Agreement, it was agreed that the Plaintiffs would receive twenty

24   percent (20%) of the net proceeds recovered, if any, in the pending wrongful death action,

25   Kiley Bechler v. Cytodyne Techonologies, Inc., et al, United States District Court for the

26   District of New Jersey Case No. 04-cv-05869-GEB, and that the Plaintiffs would be responsible

G. JEFFERSON CAMPBELL, JR., P.C.
ATTORNEYS AT LAW
P.O. Box 296
MEDFORD, OR 97501
(541) 776-5025
FAX (541) 779-3306

COMPLAINT - 30