FILED'08 SEP 08 10:49USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ERNEST BECHLER; et al.,**                               Case Number CV 08-3059-CL

        Plaintiff,                                                        **ORDER**

    v.

**TODD E. MACALUSO; et al.,**

        Defendants.

CLARKE, Magistrate Judge.

    Plaintiffs Ernest Bechler, Patricia Bechler, and Mike Bechler have filed a complaint including claims for declaratory relief, fraud, negligent misrepresentation, violation of Oregon Unlawful Trade Practices Act, legal malpractice, and accounting. This court has jurisdiction pursuant to 28 U.S.C. § 1332. The parties have executed written consents for entry of judgment by a magistrate judge (#22). 28 U.S.C. § 636(c). Defendants have filed a Motion to Strike and Motion to Make More Definite and Certain (#14), which plaintiffs oppose.

## DISCUSSION

    Plaintiffs Ernest Bechler, Patricia Bechler, and Mike Bechler bring this action against defendants attorneys Todd Macaluso and Macaluso & Associates also doing business as Macaluso Baker & Macaluso. The complaint alleges that in March 2003 plaintiffs retained

Page 1 - ORDER

defendants to represent them concerning the unfortunate death of their son and brother Steve Bechler that occurred on February 17, 2003, allegedly as a result of taking the dietary supplement Xenadrine RFA-1 containing ephedra. The complaint is 110 pages. The "GENERAL ALLEGATIONS" section alone is 56 pages long with many paragraphs approximating a page or more in length. There are six claims for relief that span 47 pages including the Fraud claim that alone is 16 pages. The remaining claims are for Declaratory Relief, Negligent Misrepresentation, Violations of the Oregon Unlawful Trade Practices Act, Legal Malpractice and Accounting. *Each claim incorporates all prior allegations.

Federal court has notice pleading. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The heightened pleading standard of Rule 9 for fraud is not an invitation to disregard the requirements of Rule 8. McHenry v. Renne 84 F.3d 1172, 1178 (9th Cir. 1996).

Defendants move to strike substantial material from plaintiffs' complaint that defendants contend is verbose, redundant, immaterial, argumentative and repetitive . Defendants do not request that specific allegations be stricken but refer to numerous examples. Defendants request that the remaining allegations be made more definite and certain. Plaintiffs acknowledge that the complaint is long but contend that that alone is not in violation of Rule 8 and that the unusual length is required to comply with Rule 9. Plaintiffs argue that the fraud claim involves a complex series of events from February 20, 2003, to May 30, 2007. Plaintiffs contend they meet

Page 2 - ORDER

the requirements of Rule 9 as discussed in Swartz v. KPMG LLP, 476 F.3d 756 (9th Cir. 2007). The court in Swartz stated with regard to Rule 9(b):

> "To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of [Federal] Rule [of Civil Procedure] 8(a)(2)." Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation, quotations omitted).

Swartz, 476 F.3d at 764.

Plaintiffs also cite to Hearns v. San Bernardino Police Department, 530 F.3d 1124 (9th Cir. 2008), which discussed compliance with Rule 8(a). In Hearns, the District Court dismissed an 81-page complaint that included 17 claims against the defendant police department and 10 unnamed defendants. The court gave plaintiff a chance to replead to comply with Rule 8. Plaintiff there filed an amended complaint containing essentially the same allegations and the court dismissed the case with prejudice. The Ninth Circuit found an abuse of discretion finding that "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." Hearns, 530 F.3d at 1131. This court finds a number of substantive and procedural differences with Hearns from the present case. Initially, the only real criticism of the complaint in Hearns was length. The Ninth Circuit pointed out that the complaint, although it contained too much detail, contained no claim longer that 9 paragraphs, was logically organized, without irrelevant and redundant material and was not confusing. As explained below, the court does not make the

same findings in this case. The <u>Hearns</u> court also held that the District Court erred by dismissing the amended complaint with prejudice without considering "a less drastic alternative." <u>Id.</u> at 1132. By contrast, this court has no present intent to dismiss this case with prejudice.

The court has carefully read the complaint and finds it is extremely difficult for the court, in view of the length, argument, immaterial material and repetition, to determine the essence of plaintiffs' claims for relief. The court finds defendants' motion well taken in many respects and that plaintiffs' complaint, as presently drafted, does not comply with Rules 8 and 9. The court does not find the proper balance between Rule 8 and 9 in this case. The court, in the interest of judicial economy, declines the task of working through the 110-page complaint to determine which of the many allegations to strike. The court also considered excusing defendants from answering some paragraphs of the complaint. The court instead exercises its discretion to strike plaintiffs' complaint in its entirety without prejudice and order plaintiff to file an amended complaint by October 8, 2008, which complies with Rules 8 and 9. <u>Gillibeau v. City of Richmond</u>, 417 F.2d 426, 431 (9th Cir. 1969) (and cases cited); <u>Carrigan v. Cal. State Legislature</u>, 263 F.2d 560, 565-66 (9th Cir. 1959). The court has considered the nature of the underlying dispute which involves defendants' legal representation of plaintiffs, the small number of defendants, and the number, type, and complexity of claims for relief. In view of this analysis, the court orders that the amended complaint not exceed 30 pages in length and that it conform with formatting rules set forth in Local Rule 10.1 and 10.2.

Plaintiffs should not view this ruling as reflecting any view of the court on the merits of their case. The court is required to construe the pleadings "so as to do justice." Fed. R. Civ. P. 8(e). The court is convinced that the filing of an amended complaint which complies with Rules

8 and 9 will serve plaintiffs, defendants and the court well as we move forward to fairly adjudicate this case.

### ORDER

Based on the foregoing, the court orders that plaintiffs' complaint is stricken without prejudice to filing an amended complaint by October 8, 2008, which complies with Rules 8 and 9, and which does not exceed 30 pages in length and conforms with formatting rules set forth in Local Rule 10.1 and 10.2. Defendants' motion to strike and make more definite and certain (#14) is moot.

DATED this 8 day of September, 2008



UNITED STATES MAGISTRATE JUDGE

Page 5 - ORDER